UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

George Chamberlain,                                                    Civil No. 08-40 JMR/AJB

         Plaintiff,

                                                                              **REPORT AND RECOMMENDATION**
v.                                                          **ON PRELIMINARY INJUNCTION MOTION**

Jack Erskine, et al.,

         Defendants.

        This matter is before the Court, Magistrate Judge Arthur J. Boylan, for Report and Recommendation on plaintiff's Motion for Preliminary Injunction [Docket No. 49]. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Plaintiff is a pro se civilly committed person who is being detained as a sexually dangerous person and a sexual psychopathic personality to the Minnesota Sex Offender Program (MSOP) at Moose Lake, Minnesota. Plaintiff seeks an order enjoining defendants from demanding that he double-bunk with another patient or imposing consequences for his refusal to share a room. Defendants have filed and served a motion for judgment on the pleadings or for summary judgment and plaintiff has now submitted a response to that motion.

        In this action for violation of civil rights under 42 U.S.C. § 1983, Mr. Chamberlain ultimately seeks relief from an anticipated institution requirement that he share a room with another patient at the Moose Lake facility.[1] The complaint alleges federal and state

---

[1] Plaintiff's motion states that he is seeking permanent injunctive relief in this action. It is readily apparent from the 108-page, 14-count complaint, that the plaintiff is seeking much more than an mere ruling that he be excused from any double-bunking requirement. In that regard it is indicated that many of the various claims in the case arise out of Mr. Chamberlain's refusal to share a room, and many of the multiple claims for injunctive, compensatory, and declaratory relief clearly

constitutional claims regarding confinement in protective isolation, placement on restricted status, punitive conditions of confinement, failure to provide individualized treatment, failure to obtain informed consent as to adverse affects of treatment, denial of access to the courts, denial of his right to free speech and interference with the mail telephone use, excessive force, deliberate indifference, failure to train staff, excessive force in restraining patients, constitutionally inadequate protective isolation policies, and sensory deprivation and torture. Subsequent to the complaint, plaintiff filed a motion for preliminary injunction barring defendants from implementing a double-occupancy policy. The court has previously noted that "the motion is wholly anticipatory and essentially goes to the ultimate issues and outcome in the case. Consequently, the court will defer the matter and will address the injunction issues in light of a presumably more complete record and briefing in the context of dispositive motions and/or trial."[2] Defendants have now filed a Motion for Judgment on the Pleading or in the alternative Summary Judgment, along with a supporting memorandum and affidavits, and plaintiff has responded directly to the defendants' dispositive motion.

Plaintiff submitted a letter to the court dated May 18, 2009, in which he stated that events were occurring at the facility[3] which related to his previous Motion for Temporary Restraining Order regarding legal materials and the pending preliminary injunction motion. In

---

have implications with respect to the underlying room-sharing issue.

[2] Order on Discovery Motions and Motion for Temporary Restraining Order dated January 15, 2009, n.1 [Docket No. 73].

[3] Mr. Chamberlain stated that he had been instructed to reduce the amount of personal property, which includes legal materials, in his cell. He contends that this instruction is a presursor to double-bunking and asks the court to reconsider its previous Order denying his Motion for Temporary Restraining Order relating to legal materials, and the Order deferring his Motion for Preliminary Injunction.

his motion for injunctive relief the plaintiff presents no direct argument with respect to the legal considerations for such relief, i.e. the likelihood of success on the merits, irreparable harm in the absence of relief, the balance of harms, and the public interest. Doe v. LaDue, 514 F.Supp.2d 1131, 1135 (D. Minn. 2007)(citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981)). Likewise, in their motion for judgment the defendants have not specifically addressed the injunction request, but have directly moved for dismissal of each of the claims. In considering a motion for preliminary injunction, the likelihood of success on the merits is not, alone, determinative, but rather, the court considers the particular circumstances of the case in determining whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo." Dataphase at 113. The movant bears the burden of proof with regard to each of the factors to be considered. Doe v. LaDue at 1135.

**Irreparable Harm.** Though plaintiff has alleged numerous constitutional violations based upon circumstances that came about directly or indirectly as a result of his refusal to be double-bunked, and his consequent placement in protective isolation, he has not offered any particularized explanation as to the harm he is likely to suffer if he is compelled to double-bunk. Equally important, the record and pleadings suggest that the plaintiff is not presently required to share a cell, and it does not appear that he is currently in protective isolation. In essence, the plaintiff is asking that the court enjoin the defendants from applying punitive consequences in the event he is self-compelled to resist double-bunking at some future time.

A party moving for a preliminary injunction must the show existence of a significant risk of harm, and the absence of such a showing is sufficient to deny the motion. Doe v. LaDue at 1135. Speculative or possible harm is insufficient for preliminary injunctive relief.

Id.  Plaintiff in this instance has not persuasively shown that injunctive relief is necessary to maintain the status quo or that the need for such relief is not speculative at this time.  Under these circumstances the plaintiff has not established threat of irreparable harm.

**Balance of Harms.**  As discussed above, plaintiff has not established irreparable harm as needed to obtain injunctive relief.  Similarly, the defendants have not alleged any immediate harm which would accrue to them in the event that the requested injunction were to be granted.  Therefore, the court concludes that the balance of harms does not weigh in favor of either side in this action, and indeed, maintenance of the apparent status quo with regard to plaintiff's double-bunking situation precludes the need for immediate injunctive relief.

**Likelihood of Success on the Merits.**  With respect to injunctive relief, the likelihood of success on the merits is preeminent.  Doe v. LaDue at 1136.  There is a divergence in this case between the claims for relief as stated in the complaint, and the underlying double-bunking issue which is the subject of the injunction motion now being considered.  In light of this divergence, as well as the number and scope of the claims that are expressly alleged in the complaint, the court cannot conclude that any success that the plaintiff may obtain on the merits would necessarily entitle him to the particular relief he now seeks by motion for preliminary injunction.  Therefore, the court does not find that probability of success on the merits with respect to injunctive relief weighs in favor of the plaintiff to the extent necessary to obtain such relief.

**Public Interest.**  The State's interest in double-bunking is presumably based substantially on economic considerations relating to the building and maintenance of facilities suitable for the detention of sexually dangerous persons and those having sexual psychopathic personalities.  There is no assertion that double-bunking is a therapeutically positive practice.

Plaintiff, on the other hand, has asserted various constitutional rights to which there is generally a strong public interest in preserving. Doe v. LaDue at 1138. However, many of the asserted claims do apply specifically to double-bunking and involve only this particular plaintiff. The public interests with respect to double-bunking do not weigh strongly in favor of either side in this instance.

Upon consideration of the plaintiff's motion for preliminary injunction, along with all the records and pleadings, the Court **concludes** that plaintiff George Chamberlain has not carried his burden of establishing that injunctive relief is warranted. Therefore, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Preliminary Injunction be **denied** [Docket No. 49].

Dated:     June 6, 2009

       s/ Arthur J. Boylan
       Arthur J. Boylan
       United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 20, 2009.